O

# United States District Court
# Central District of California

| UNITED STATES OF AMERICA, | Case № 2:23-cr-00236-ODW-4 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS [143]** |
| MICHAEL A. MURILLO, | |
| Defendant. | |

## I.  INTRODUCTION

Defendant Michael A. Murillo is charged with conspiring to engage in, and ultimately engaging in, the business of dealing in firearms without a license. (Indictment 13–35, ECF No. 1.)  Specifically, as set forth in the Indictment, Murillo is charged with supplying eleven firearms—pistols that were reported stolen and were sold with the original tags and packaging—that were sold in two transactions. (*Id.*)  In total, Murillo and his co-conspirators sold forty-seven firearms to an individual believed to be a firearms customer, but who was in fact a criminal informant working with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). (*Id.*)

On May 12, 2023, a federal grand jury charged Murillo with one count of conspiracy to engage in the business of dealing in firearms without a license in violation of 18 U.S.C. § 371 (Count 12), and one count of engaging in the business of dealing in

firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (Count 13). (*Id.*) Murillo now moves to dismiss Counts 12 and 13 of the Indictment against him on the basis that, first, § 922(a)(1)(A) is void for vagueness as applied to Murillo's conduct and, second, the statute is unconstitutional under the Second Amendment to the United States Constitution. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 143.) For the reasons below, the Court **DENIES** Defendant's Motion.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure ("Rule") 12(b) allows a pretrial motion to dismiss an offense "that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). In ruling on a Rule 12(b) motion, "the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.* Such a motion "cannot be used as a device for a summary trial of the evidence . . . . The Court should not consider evidence not appearing on the face of the indictment." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (alteration in original) (quoting *United States v. Marra*, 481 F.2d 1196, 1199–1200 (6th Cir. 1973)).

## III.   DISCUSSION

18 U.S.C. § 922(a)(1)(A) makes it "unlawful for any person except a . . . licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce." Murillo argues that the Court should dismiss the Counts 12 and 13 in the Indictment against him because § 922(a)(1)(A) is: (1) unconstitutionally vague as applied to his conduct, and (2) violates the Second Amendment under the text, history, and tradition test established by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). (Mot. 1.)

A.  **Defendant's Vagueness Challenge**

A criminal statute is void for vagueness if it "is not sufficiently clear to provide guidance to citizens concerning how they can avoid violating it and to provide authorities with principles governing enforcement." *See United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013) (quoting *United States v. Zhi Yong Guo*, 634 F.3d 1119, 1121 (9th Cir. 2011)). To determine whether a statute is unconstitutionally vague, the test is whether the "text of the statute and its implementing regulations, read together, give ordinary citizens fair notice with respect to what the statute and regulations forbid, and whether the statute and regulations read together adequately provide for principled enforcement by making clear what conduct of the defendant violates the statutory scheme." *Zhi Yong Guo*, 634 F.3d at 1122–23.

In an as-applied challenge, as the one here, a statute is unconstitutionally vague if it "fail[s] to put a defendant on notice that his conduct was criminal." *See United States v. Kilbride*, 584 F.3d 1240, 1257 (9th Cir. 2009). The relevant inquiry is specific to the individual defendant and "turns on whether the statute provided adequate notice to him that his particular conduct was proscribed." *Harris*, 705 F.3d at 932.

Turning to the statute at issue here, on June 24, 2022, Congress passed the Bipartisan Safer Communities Act, which amended some of the definitions relevant to determining whether certain conduct constitutes a violation of 18 U.S.C. § 922(a)(1)(A). At the time of the conduct charged in the Indictment, the statute defined the term "engaged in business" to mean:

> [A] person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business to *predominantly earn a profit* through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms.

18 U.S.C. § 921(a)(21)(C) (emphasis added). The statute further defines "to predominantly earn a profit" to mean:

> [T]hat the intent underlying the sale or disposition of firearms is predominantly one of obtaining pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection.

18 U.S.C. § 921(a)(22).

Murillo argues that although the statute does define terms such as "engaged in the business" and "to predominantly earn a profit," the statute fails to define terms such the "regular course of trade or business," "repetitive purchase and resale" and "regular and repetitive purchase and disposition." (Mot. 4.) Murillo further argues that even the ATF has "conceded" that "[f]ederal law does not establish a 'bright-line' rule for when a federal firearms license is required." (*Id.* (quoting U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, Pub. No. 5310.2, *Do I Need a License to Buy and Sell Firearms?* 4 (2016), https://www.atf.gov/file/100871/download).) Murillo concludes that because the ATF cannot conclude what specific conduct is required to constitute a violation of § 922(a)(1)(A), the statute is unconstitutionally vague because it is not reasonable that a person "would know that the activity alleged against him, assisting in two firearm transactions would, necessarily, require a federal firearms license." (*Id.* at 5.)

Ninth Circuit case law squarely rejects Murillo's argument in similar circumstances. For example, in *United States v. Alexander*, the court found that the statute "was sufficiently clear to give Defendants notice that their seven sales, conducted for profit and over a number of months, fell within its proscription." 834 F. App'x 312, 316 (9th Cir. 2020). Further, in *United States v. Skiles*, the Ninth Circuit held that the defendant—who was charged with engaging in the business of firearms dealing by selling eight firearms on five occasions—"was sufficiently informed of [§ 922(a)(1)(A)'s] standards; indeed, the evidence was sufficient to establish that he knew that his activities were illegal." 515 F. App'x 682, 683 (9th Cir. 2013). The Ninth Circuit has also rejected a vagueness challenge to the pre-1986 version of the statute, which did not define what "business" meant, finding that those terms are "well defined in the law." *United States v. Van Buren*, 593 F.2d 125, 126 (9th Cir. 1979) (rejecting

contention that the statute was vague because it failed to define the point at which isolated conduct becomes the business of dealing).

Thus, the Court finds that 18 U.S.C. § 921(a)(1)(A) as applied to Murillo's alleged conduct is not unconstitutionally vague. A statute need not explicitly establish a bright-line rule or spell out specific thresholds. *See United States v. Jae Gab Kim*, 449 F.3d 933, 941 (9th Cir. 2006) ("There is, however, no constitutional principle . . . requiring the federal government to spell out a specific amount" of a regulated substance that may be sold "without incurring criminal liability. Nor do more general vagueness principles support [defendant's] contention."); *see also Kilbride*, 584 F.3d at 1258 (rejecting vagueness argument where challenged language "potentially subjects a wide swath of conduct" but is "not open to wholly subjective interpretation"); *United States v. Hosford*, 843 F.3d 161, 171 (4th Cir. 2016) ("[S]tatutes necessarily have some ambiguity, as no standard can be distilled to a purely objective, completely predictable standard."). As such, the Court finds that 18 U.S.C. § 922(a)(1)(A) is part of a readily understandable statutory and regulatory scheme that gave Murillo sufficient fair notice that his alleged conduct was unlawful.

**B.     Defendant's Second Amendment Challenge**

Murillo next argues that 18 U.S.C. § 922(a)(1)(A) is unconstitutional under the Second Amendment to the United States Constitution, which states, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Supreme Court has held that the Second Amendment "protect[s] an individual right to keep and bear arms for self-defense." *Bruen*, 597 U.S. at 17 (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010)).

Although the Court in *Heller* held the Second Amendment guarantees an "individual right to keep and bear arms," it also specified "the right secured by the Second Amendment is not unlimited." 554 U.S. at 626, 635. Similarly, the Court stressed—first in *Heller*, and then again in *McDonald*—that "laws imposing conditions

and qualifications on the commercial sale of arms" are "presumptively lawful." *Id.* at 626–27[1]; *see also McDonald*, 561 U.S. at 786.

In *Bruen*, the Court stated that when dealing with issues regarding the Second Amendment, courts should implement the text, history, and tradition test to focus their analysis strictly on history. *Bruen*, 597 U.S. at 31.

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 24 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)). Analogical reasoning is "neither a regulatory straightjacket nor a regulatory blank check." *Id.* at 30. "[A]nalogical reasoning requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*. So even if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster." *Id.*

Against this backdrop, Murillo now argues that this Court should dismiss Counts 12 and 13 against him because the sale of firearms falls within the protection of the Second Amendment's plain text, thereby rendering Murillo's conduct "presumptively protected." (Mot. 5–6.) To establish that Murillo's conduct falls within the plain text of the Second Amendment, Murillo argues that because the Second Amendment confers an individual right to own a firearm, it must also confer "the right to buy and sell them." (*Id.* at 14.)

---

[1] Concurring in *Bruen*, Justice Kavanaugh and Chief Justice Roberts likewise did not call into question these explicit assurances. *See Bruen*, 597 U.S. at 80, 81 (Kavanaugh, J., concurring) (citing *Heller* and *McDonald* for the proposition that, "[p]roperly interpreted, the Second Amendment allows a 'variety' of gun regulations"). The majority opinion in *Bruen* consisted of six Justices, so without these two concurring Justices there would have been no majority.

The Court finds that Murillo fails to establish that his conduct falls within the plaint text of the Second Amendment to protect "the right of the people to keep and bear Arms." Although Murillo is correct that the right to lawfully purchase a firearm is a prerequisite to the right to keep and bear arms, this protection does not extend to include the right to engage in the business of dealing firearms. This conclusion is supported by the Ninth Circuit, which has found that "[n]othing in the specific language of the Amendment suggests that sellers fall within the scope of its protection." *Teixeira v. County of Alameda*, 873 F.3d 670, 683 (9th Cir. 2017) ("Nothing in the text of the Amendment . . . suggests the Second Amendment confers an independent right to sell or trade weapons."). In other words, "the Second Amendment does not independently protect a proprietor's right to sell firearms." *Id.* at 690.

Although the Ninth Circuit's opinion in *Teixeira* does predate *Bruen,* nothing in *Bruen* indicates that the Ninth Circuit improperly applied a flawed textual or means-end analysis to the Second Amendment. Rather, applying a textual analysis, the court held: "Commerce in firearms is a necessary prerequisite to keeping and possessing arms for self-defense, but the right of gun users to acquire firearms legally is not coextensive with the right of a particular proprietor to sell them." *Id.* at 682. Bound by the Ninth Circuit's holding regarding similar licensing schemes, the Court finds that Murillo's conduct falls outside the scope of the Second Amendment. Because Murillo has not shown that the plain text of the Second Amendment covers the conduct at issue here, the Court need not resolve whether the prohibition on unlicensed firearm dealing in 18 U.S.C. § 922(a)(1)(A) "is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 24.

Finally, other courts within this circuit have repeatedly rejected the same argument that Murillo makes in this case. *See, e.g.*, Order Den. Mot., *United States v Pena*, No. 2:22-cr-00366-GW-2 (C.D. Cal. Mar. 23, 2023), ECF No. 98 (rejecting the argument that § 922(a)(1)(A) is unconstitutional as applied to Defendant); Order Den. Mot., *United States v. Perez*, No. 2:17-cr-00314-JAK-4 (C.D. Cal. Aug. 18, 2023), ECF


No. 240 (same); *United States v. Tilotta*, No. 3:19-cr-04768-GPC, 2022 WL 3924282 (S.D. Cal. Aug. 30, 2022) (same). The Court agrees with and adopts the reasoning of these district courts.

## IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Dismiss. (ECF No. 143.)

**IT IS SO ORDERED.**

April 8, 2024

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**